**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| ROBERT L. TAYLOR, JR., | : | Civil Action No. 08-3509 (MLC) |
| Plaintiff, | : | **MEMORANDUM OPINION** |
| v. | : | |
| MERCER COUNTY CORREC. CENTER, | : | |
| Defendant. | : | |

**COOPER, District Judge**

Plaintiff, a patient at Ancora Psychiatric Hospital, seeks to file a complaint in forma pauperis pursuant to 28 U.S.C. § 1915. Based on Plaintiff's affidavit of poverty, the Court will grant him in forma pauperis status. As required by 28 U.S.C. § 1915(e)(2)(B), the Court has screened the complaint and, for the following reasons, will dismiss the complaint without prejudice to the filing of an amended complaint if Plaintiff believes that he can cure the deficiencies described herein.

## BACKGROUND

Plaintiff sues the Mercer County Correctional Center for violation of his Constitutional rights under 42 U.S.C. § 1983. His factual allegations, which the Court will regard as true for the purposes of this review, see Stevenson v. Carroll, 495 F.3d 62, 66 (3d Cir. 2007), are set forth below:

> May 2005.
> On this day officer Davis witnessed Strength witnessed the [illegible] beating me with a pad lock at mercer county prison. The code was called and other guards

> came in and witnessed him beating me with their night
> sticks.  Davis gave a butcher knife to officer Strength
> apparently stolen from the kitchen to stab me.  Then I
> came to at Mercer EVA at West Trenton Psych. Hospital.
> Thank$.

(Compl., at ¶ 6.)  For relief, Plaintiff seeks: "Thank.  They really beat me up - [illegible]."  (Id. at ¶ 7.)

Although the complaint indicates that Plaintiff executed it on March 27, 2007, the affidavit of poverty attached to the complaint is dated July 10, 2008, and the Clerk received the documents on July 14, 2008.

### STANDARD FOR SUA SPONTE DISMISSAL

The Court is required, before docketing or as soon as practicable after docketing, to review a complaint in a civil action in which a plaintiff is proceeding in forma pauperis or a prisoner seeks redress against a governmental employee or entity. See 28 U.S.C. §§ 1915(e)(2)(B), 1915A.  The Court must sua sponte dismiss any claim if it is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant immune from such relief.  Id.

A complaint "must contain (1) a short and plain statement of the grounds of the court's jurisdiction . . . ; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought".  Fed.R.Civ.P. 8(a).  Also, "[e]ach allegation must be simple, concise, and direct."  Fed.R.Civ.P. 8(d).

A claim is frivolous if it "lacks even an arguable basis in law" or its factual allegations describe "fantastic or delusional scenarios." Neitzke v. Williams, 490 U.S. 319, 328 (1989); see also Roman v. Jeffes, 904 F.2d 192, 194 (3d Cir. 1990).  The standard for failure to state a claim, in view of Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955 (2007), is as follows:

> Thus, under our reading, the notice pleading standard of Rule 8(a)(2) remains intact, and courts may generally state and apply the Rule 12(b)(6) standard, attentive to context and a[] showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.  It remains an acceptable statement of the standard, for example, that courts "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief."  Pinker, 292 F.3d at 374 n.7.  See also Twombly, 127 S.Ct. at 1969 n.8 (citing as consistent with its rejection of the "no set of facts" language the statement that "if, in view of what is alleged, it can reasonably be conceived that the plaintiffs . . . could, upon a trial , establish a case which would entitle them to . . . relief, the motion to dismiss should not have been granted") (citation omitted).
>
> \*                    \*                    \*
>
> The issues raised by Twombly are not easily resolved, and likely will be a source of controversy for years to come.  Therefore, we decline at this point to read Twombly so narrowly as to limit its holding on plausibility to the antitrust context.  Reading Twombly to impose a "plausibility" requirement outside the § 1 context, however, leaves us with the question of what it might mean.  "Plausibility" is related to the requirement of a Rule 8 "showing."  In its general discussion, the Supreme Court explained that the concept of a "showing" requires only notice of a claim and its grounds, and distinguished such a showing from "a pleader's bare averment that he wants relief and is entitled to it."  Twombly, 127 S.Ct. at 1965 n.3.  While Rule 12(b)(6) does not permit dismissal of a well-pleaded complaint

> simply because "it strikes a savvy judge that actual proof of those facts is improbable," the "[f]actual allegations must be enough to raise a right to relief above the speculative level."  Id. at 1965.
>
> The Supreme Court's Twombly formulation of the pleading standard can be summed up thus: stating . . . a claim requires a complaint with enough factual matter (taken as true) to suggest the required element.  This does not impose a probability requirement at the pleading state, but instead simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element.

Phillips v. County of Allegheny, 515 F.3d 224, 233-34 (3d Cir. 2008) (cites and quotes omitted).

The sufficiency of this pro se pleading must be construed liberally in favor of the plaintiff, even after Twombly.  See Erickson v. Pardus, 127 S.Ct. 2197, 2200 (2007).  A pro se prisoner plaintiff needs to allege only enough facts, taken as true, to suggest the required elements of the claim asserted; the Court need not, however, credit a pro se plaintiff's "legal conclusions."  Morse v. Lower Merion School Dist., 132 F. 3d 902, 906 (3d Cir. 1997).

### DISCUSSION

A plaintiff may seek redress for violations of federal civil rights by a person acting under color of state law, by showing (1) a person deprived him or caused him to be deprived of a right secured by the Constitution or laws of the United States, and (2) the deprivation was done under color of state law.  42 U.S.C. § 1983; see West v. Atkins, 487 U.S. 42, 48 (1988); Sample v. Diecks, 885 F.2d 1099, 1107 (3d Cir. 1989).

4

The Court construes the complaint as asserting that officers at Mercer County Correctional Center used excessive force in violation of the Due Process Clause of the Fourteenth Amendment. See Bell v. Wolfish, 441 U.S. 520, 535 1979); Stevenson v. Carroll, 495 F.3d 62 (3d Cir. 2007); Hubbard v. Taylor, 399 F.3d 150, 166 (3d Cir. 2005).[1]  But the complaint is deficient in that the sole defendant - Mercer County Correctional Center - is not a "person" subject to suit under Section 1983.  See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 688-90 (1978); Powell v. Cook County Jail, 814 F.Supp. 757, 758 (N.D. Ill. 1993); McCoy v. Chesapeake Corr. Ctr., 788 F.Supp. 890, 893-894 (E.D. Va. 1992).

Even were the Court to construe the defendant to be the municipal entity itself (Mercer County, New Jersey), the complaint is deficient because it does not assert facts showing that Mercer County is liable under § 1983.  A local government entity "cannot be held liable solely because it employs a tortfeasor."  Monell, 436 U.S. at 691.  "[I]t is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts and acts may fairly be said to represent official policy, inflicts

---

[1] "[T]he State does not acquire the power to punish with which the Eighth Amendment is concerned until after it has secured a formal adjudication of guilt in accordance with due process of law.  Where the State seeks to impose punishment without such an adjudication, the pertinent constitutional guarantee is the Due Process Clause of the Fourteenth Amendment." Bell, 441 U.S. at 537, n.16 (cite and quotes omitted); see City of Revere v. Mass. Gen. Hosp., 463 U.S. 239, 244 (1983).

the injury that the government as an entity is responsible under § 1983." Id. at 694. "Policy is made when a decisionmaker possessing final authority to establish municipal policy with respect to the action issues an official proclamation, policy, or edict." Berg v. County of Allegheny, 219 F.3d 261, 275 (3d Cir. 2000) (cite and quotes omitted).

    Plaintiff here alleges nothing in the complaint to support an inference that the alleged use of excessive force resulted from the execution of a policy or custom of Mercer County. As the facts set forth in the complaint do not state a cognizable claim against a defendant who can be found liable under § 1983, the complaint, as written, fails to state a cognizable federal claim upon which relief may be granted. Thus, the Court will dismiss the complaint, but without prejudice to the filing of an amended complaint within 30 days if Plaintiff believes that he can cure the defects described herein in an amended complaint.[2]

---

[2] The statute of limitations on civil rights claims is governed by New Jersey's two-year limitations period for personal injury. See Wilson v. Garcia, 471 U.S. 261, 276 (1985); O'Connor v. City of Newark, 440 F.3d 125, 126-27 (3d Cir. 2006). Thus, "an action for an injury to the person caused by a wrongful act, neglect, or default, must be convened within two years of accrual of the cause of action." Cito v. Bridgewater Twp. Police Dep't, 892 F.2d 23, 25 (3d Cir. 1989). Plaintiff here alleges the use of excessive force in May 2005. The statute of limitations accrued in May 2005, when the act of wrongdoing allegedly occurred, and expired by June 2007. Thus, unless Plaintiff asserts facts showing that equitable tolling may be warranted, the face of the complaint indicates that Plaintiff's § 1983 claim based on the use of excessive force in May 2005 is time-barred.

**CONCLUSION**

The Court will (1) grant Plaintiff's application to proceed in forma pauperis, and (2) dismiss the complaint without prejudice to the filing of an amended complaint within 30 days.[3] The Court will issue an appropriate order and judgment.

          s/ Mary L. Cooper
**MARY L. COOPER**
United States District Judge

Dated: September 11, 2008

---

[3] An amended complaint, if submitted, will be screened by the Court for possible dismissal.